IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PATRICK OCHION JEWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-324-MN |
| | ) | |
| JAMES MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Presently before the court is a motion for entry of judgment by default pursuant to Federal Rule of Civil Procedure 55(b)(2) filed by plaintiff Patrick Ochion Jewell[1] ("Plaintiff"). (D.I. 7) For the following reasons, I recommend that the court GRANT-IN-PART Plaintiff's motion and enter a default judgment in favor of Plaintiff in the amount of $92,500.00, plus pre- and post-judgment interest. I recommend that the court DENY Plaintiff's request for attorneys' fees and DENY without prejudice Plaintiff's request for punitive damages.

## I. BACKGROUND

Plaintiff is a musician and composer who has developed copyrighted works and instructional curriculum. (D.I. 1 at ¶ 5) In March 2016, Plaintiff asserted causes of action for copyright infringement, breach of contract, and misappropriation of ideas against certain defendants in a civil action that was transferred to the Central District of California (the "Underlying Action"). (Id. at ¶ 6) The parties to the Underlying Action entered into a settlement

---

[1] The docket in this civil action reflects inconsistent spellings of Plaintiff's name. For example, the case caption of the complaint identifies Plaintiff as "Patrick Ochion Jewel," but the first line of text in the body of the complaint defines "Plaintiff Patrick Ochion Jewell" as "Mr. Jewell." (D.I. 1 at 1) For purposes of this Report and Recommendation, the court identifies Plaintiff in a manner consistent with the spelling of his name in the pending motion for entry of default judgment. (D.I. 7)

agreement in May 2018, and James Miller ("Dr. Miller"), a non-party to the Underlying Action, agreed to serve as guarantor of the first four of five installment payments to be made under the settlement agreement.[2] (*Id.* at ¶ 7) The defendants in the Underlying Action subsequently defaulted on four of the five scheduled payments, and neither the defendants nor Dr. Miller have paid the remaining amounts due. (*Id.* at ¶¶ 11-14)

Plaintiff filed this action on March 2, 2021, alleging causes of action for breach of contract, common law bad faith, and punitive damages against Dr. Miller as a result of his failure to make payments in his role as guarantor under the terms of the settlement agreement. (D.I. 1 at ¶¶ 7-23) The summons was returned executed on March 18, 2021, verifying that Dr. Miller was served the previous day. (D.I. 3) Dr. Miller did not file and serve a responsive pleading or motion as required under Rule 12 of the Federal Rules of Civil Procedure.

On April 19, 2021, Plaintiff filed a request for entry of default in appearance pursuant to Rule 55(a). (D.I. 4) On May 10, 2021, the Clerk of Court entered the default in appearance against Dr. Miller pursuant to Rule 55(a) (the "Entry of Default in Appearance"). (D.I. 5) Plaintiff served the Entry of Default in Appearance on Dr. Miller on May 11, 2021. (D.I. 6)

Plaintiff filed the pending motion for entry of default judgment pursuant to Rule 55(b)(2) on May 11, 2021. (D.I. 7) On May 18, 2021, the court ordered Plaintiff to serve a copy of its motion on Dr. Miller and to file proof of such service once made, and Plaintiff complied on the same day. (D.I. 9) Dr. Miller did not respond to Plaintiff's motion. At Plaintiff's request, an evidentiary hearing on the motion was scheduled for July 15, 2021 to address the issue of punitive damages. (D.I. 7 at 3; D.I. 10) Plaintiff subsequently indicated that he had no evidence to present in support of his punitive damages theory and agreed to waive the punitive damages

---

[2] Dr. Miller did not guarantee the fifth and final installment of $37,500.00, which is due on July 31, 2021. (D.I. 1, Ex. 1 at ¶ 4.1)

2

request without prejudice to pursue punitive damages if the case proceeds to discovery. (D.I. 13 at 1)

## II. LEGAL STANDARD

The entry of a default judgment under Federal Rule of Civil Procedure 55 is a two-step process. First, the Clerk of Court must enter default against a party that "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After entry of default, the party seeking default judgment must apply to the court for the entry of default judgment if the relief sought is not for a "sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b). The court may conduct an evidentiary hearing to ascertain the amount of damages or establish the truth of the allegations. Fed. R. Civ. P. 55(b)(2). "A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); *see J & J Sports Prod., Inc. v. Kim*, C.A. No. 14-1170-LPS, 2016 WL 1238223, at *1 (D. Del. Mar. 29, 2016). The decision to enter a default judgment is within the discretion of the court. *Tristrata Tech., Inc. v. Med. Skin Therapy Research, Inc.*, 270 F.R.D. 161, 164 (D. Del. 2010) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)).

## III. DISCUSSION

Because the Clerk of Court entered the Entry of Default in Appearance against Dr. Miller on May 10, 2021, step one of Rule 55 is satisfied. (D.I. 5); *see* Fed. R. Civ. P. 55(a). At step two, Plaintiff's motion for default judgment seeks $92,500.00 in damages, plus pre-and post-

3

judgment interest, punitive damages, and attorneys' fees.³ (D.I. 7 at ¶¶ 7-8) The court considers each of the respective damages categories below.

## A. Contractual Damages

I recommend that the court grant Plaintiff's request for entry of default judgment in the amount of $92,500, plus pre- and post-judgment interest. Pursuant to the settlement agreement, Dr. Miller guaranteed payment of the first four installments owed by the defendants as follows:

| INSTALLMENT | AMOUNT | DATE DUE |
|---|---|---|
| 1 | $20,000.00 | 8/31/2018 |
| 2 | 17,500.00 | 9/30/2018 |
| 3 | 37,500.00 | 7/31/2019 |
| 4 | 37,500.00 | 7/31/2020 |

(D.I. 1, Ex. 1 at ¶¶ 4.1, 5.2) Brandon Bernstein, a defendant in the Underlying Action, timely paid the first installment of $20,000.00. (D.I. 1 at ¶ 10) However, the complaint alleges that neither Mr. Bernstein nor Dr. Miller paid the second, third, or fourth installments. (*Id.* at ¶¶ 11-13) The court accepts as true the complaint's factual allegations. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (explaining that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true" on a motion for default

---

³ Plaintiff did not mention a request for attorneys' fees in the proposed order accompanying the pending motion for entry of default judgment. (D.I. 7, Proposed Order) Moreover, the enumerated request for relief in the motion for entry of default judgment does not expressly include a request for attorneys' fees. (D.I. 7 at 3) Nonetheless, the court construes the pending motion for entry of default judgment to contain a request for an award of attorneys' fees. Paragraph 7 of the pending motion states that "Plaintiff is asking for the award of attorneys' fees and punitive damages based on Defendant's bad faith and the award of attorneys' fees." (D.I. 7 at ¶ 7) This request is consistent with the prayer for relief in Plaintiff's complaint, which also seeks an award of attorneys' fees. (D.I. 1 at 6, ¶ 3)

4

judgment). Under the terms of the settlement agreement, Dr. Miller waived any right to require Plaintiff to proceed first against the defendants in the Underlying Action. (D.I. 1, Ex. 1 at ¶ 5.5) Accordingly, the complaint adequately establishes that Dr. Miller breached the settlement agreement by failing to timely pay the second, third, and fourth installments for a total amount of $92,500.00. (*Id.* at ¶ 5.7)

Plaintiff is also entitled to prejudgment interest. "Pre-judgment interest may be awarded to parties prevailing on contract claims at the discretion of the trial court in accordance with equitable principles." *Emerson Radio Corp. v. Orion Sales, Inc.*, 253 F.3d 159, 175 (3d Cir. 2001) (internal quotations and citation omitted); *see also Enzo Life Scis., Inc. v. Adipogen Corp.*, 82 F. Supp. 3d 568, 607 (D. Del. 2015) (awarding prejudgment interest on a breach of contract claim). In Delaware, prejudgment interest "accumulates from the date payment was due the plaintiff, because full compensation requires an allowance for the detention of the compensation awarded and interest is used as a basis for measuring that allowance." *Brandywine Smyrna, Inc. v. Millenium Builders, LLC*, 34 A.3d 482, 486 (Del. 2011) (quoting *Mosokowitz v. Mayor & Council of Wilmington*, 391 A.2d 209, 210 (Del. 1978)). Where, as here, the contract does not specify an interest rate, the legal rate of interest applies as set forth in 6 *Del. C.* § 2301(a).[4]

Moreover, an award of post-judgment interest is appropriate pursuant to 28 U.S.C. § 1961(a), which provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court," to be "calculated from the date of the entry of the judgment." 28 U.S.C. § 1961(a). Under § 1961(a), the one-year Treasury rate of interest applies. *Id.* An award of pre- and post-judgment interest at the foregoing interest rates is sufficient to fairly compensate

---

[4] Section 2301(a) provides that "the legal rate of interest shall be 5% over the Federal Reserve discount rate including any surcharge as of the time from which interest is due. . . ." 6 *Del. C.* § 2301(a).

5

Plaintiff for his losses. *See In re Frescati Shipping Co., Ltd.*, 886 F.3d 291, 314-15 (3d Cir. 2018).

## B. Punitive Damages

In accordance with Plaintiff's July 1, 2021 letter agreeing to waive the request for punitive damages at this stage of the proceedings, I recommend that the court deny without prejudice Plaintiff's request for punitive damages. (D.I. 13)

## C. Attorneys' Fees

I recommend that the court deny the request for attorneys' fees. Attorneys' fees may be awarded as part of the entry of default judgment if the contract at issue allows for the recovery of fees and costs. *See Healthcare Servs. Grp., Inc. v. Skyline Servs. Grp., LLC*, 2019 WL 12105651, at *1 n.1 (E.D. Pa. July 2, 2019) (citing *Wells Fargo Fin. Leasing, Inc. v. Target Ad, Inc.*, 2010 WL 1141332, at *2 (E.D. Pa. Mar. 24, 2010)). But "[i]n legal actions in Delaware, attorney's fees will not be awarded 'unless clearly provided for by statute or contract.'" *Pedrick v. Roten*, 70 F. Supp. 3d 638, 653-54 (D. Del. 2014) (quoting *Honaker v. Farmers Mut. Ins. Co.*, 313 A.2d 900, 904 (Del. Super. Ct. 1973)). In this case, the settlement agreement expressly states that each party shall bear its own expenses and attorneys' fees in connection with any enforcement of the agreement: "Each Party shall bear its own costs, expenses, and taxes . . . in connection with the preparation and the performance of this Agreement, including attorneys' fees." (D.I. 1, Ex. 1 at ¶ 26) Moreover, Plaintiff has not provided the court with an itemized statement of attorneys' fees. *See Tristrata Tech., Inc. v. Med. Skin Therapy Research, Inc.*, 270 F.R.D. 161, 165 (D. Del. July 20, 2010). For these reasons, I recommend that the court deny Plaintiff's request for attorneys' fees.

## IV. CONCLUSION

For the foregoing reasons, I recommend that the court GRANT-IN-PART Plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) and enter an Order of Default Judgment in the following form:

> Upon consideration of plaintiff Patrick Ochion Jewell's ("Plaintiff") Motion for Default Judgment against defendant James Miller ("Dr. Miller") (D.I. 7), and finding a sufficient basis therefore, **IT IS HEREBY ORDERED** that judgment is entered in favor of Plaintiff and against Dr. Miller, and Dr. Miller is ordered to pay damages in the amount of $92,500.00 plus pre- and post-judgment interest to Plaintiff. **IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of this Order and shall file a proof of service evidencing same once service is complete.

I recommend that the court DENY Plaintiff's request for punitive damages and attorneys' fees.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to three (3) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: July 2, 2021

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

7